UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUI-YANG HUANG,

                      Plaintiff,                      09 Civ. 8297 (HB)

      -against-
                                                 PLAINTIFF'S
ADVANCED BATTERY TECHNOLOGIES, INC.,     RULE 56.1 STATEMENT

                     Defendant.
------------------------------------------------------------X

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1, plaintiff Sui-Yang Huang ("Dr. Huang") submits this statement of undisputed material facts in support of his motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on the First Claim of the First Amended Complaint against defendant Advanced Battery Technology, Inc. ("ABAT").

### CITIZENSHIP

1. This is a dispute between two United States citizens from different States. Dr. Huang is a resident of California.

2 According to ABAT's filings with the Securities and Exchange Commission, ABAT is organized and existing under the laws of the State of Delaware, with its "principal executive offices" located at 15 W. 39th Street, 14th Floor, New York, NY 10018. ABAT is listed on NASDAQ.

### THE EMPLOYMENT CONTRACT

3. On August 30, 2008, Dr. Huang signed an employment contract with ABAT ("Employment Contract"), which is contained in two separate documents, one entitled

"Employment Contract,' the other entitled "Memorandum." Pursuant to the first agreement, the parties agreed, among other things, to the following:

    a. Dr. Huang became ABAT's Chief Technology Officer for a term of five years, from September 1, 2008 until August 31, 2013. (Paragraph II.)

    b. Dr. Huang was responsible, among other things, for research and product development and quality. (Paragraph III.) The agreement did not specify where Dr. Huang's work was to be performed.

    c. ABAT agreed to pay Dr. Huang a salary of $60,000 per year for his work as CTO. (Huang was paid in United States Dollars by ABAT's New York office and was sent a form W-2 at the end of 2008.) In addition, ABAT agreed to give Huang 200,000 shares of ABAT by November 30, 2008. (Paragraph V.)

    d. Paragraph IV of the Employment Contract provides: "From the date of signature of this contract, no patent and no pending patent (30 in total) already belonging to Party B [Huang] may be transferred to, or used by, any third party. Party B hereby guarantees that during the term of the contract, no legal dispute pertaining to these patents and pending patents (30 in total) shall arise." There have been no claims made against any of his patents or patent applications, and he has not transferred any of his intellectual property or authorized anyone to use it.

    e. The Employment Contract does not contain a "choice of law" or "forum selection" provision.

4. The second agreement signed by ABAT and Huang on August 30, 2008 (entitled "Memorandum"), is in the nature of an addendum to the first. In it, ABAT granted Dr.

Huang the right to another 100,000 shares of ABAT, the owner of which he (Huang) could (and did) designate. These shares were to be delivered by September 30, 2008.

## COURSE OF PERFORMANCE

5. Dr. Huang began work as ABAT's CTO on September 1, 2008.

6. In early January 2009, ABAT delivered 40,000 shares of its stock to Huang and 20,000 shares to his designee. ABAT has not delivered any additional shares to either party.

7. In a memorandum dated August 4, 2009, ABAT removed Dr. Huang from the payroll of ABAT, allegedly due to an unspecified "job change."

8. At no point in time was Huang ever notified in writing that his work was unsatisfactory.

9. On October 25, 2009, Dr. Huang received a written notice from ABAT, informing him that ABAT's Board of Director's had removed him as CTO.

Flushing, New York
January 21, 2010

                                               Dai & Associates, P.C.
                                               By: _____
                                                   John J. O'Connell (JO1934)
                                                   Attorneys for Plaintiff Sui-Yang Huang
                                                   136-20 38th Avenue, Suite 9F
                                                   Flushing, New York 11354
                                                   718-888-8880

To: Morrison & Foerster LLP
     Attorneys for Defendant
     Defendant Advanced Battery Technology, Inc.