UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SUI-YANG HUANG,

Plaintiff,

-against-

ADVANCED BATTERY TECHNOLOGIES, INC.,

Defendant.

---------------------------------------------------------------X

Index # No. 09 Civ. 8297 (HB) (MHD)

**DECLARATION OF QIQIANG SI IN SUPPORT OF PLAINTIFF, SUI-YANG HUANG AGAINST ADVANCED BATTERY TECHNOLOGIES, INC.'S MOTION TO DISMISS**

Qiqiang Si, an attorney duly admitted to the practice of law in the People's Republic of China ("PRC"), declares under the penalties of perjury under the law of the United States of America ("United States") as follows:

1. I am an attorney with the Guangdong Jun Ru Law Firm, which was retained by Dr. Sui-Yang Huang ("Dr. Huang") to render an opinion on certain questions of PRC law.

2. I graduated from the University of Wuhan with the Bachelor of Law degree and Law Specialist diploma. I was admitted to practice law in PRC in the year of 2001. I am familiar with all aspects of the commercial and labor law of PRC. I specialize in commercial law and labor law related disputes, arbitration and litigation. A copy of my curriculum vitae is attached to this affidavit as Exhibit A.

**BOTH PARTIES ARE UNITED STATES CITIZENS**

3. I was informed that in 1993, Dr. Huang obtained his Ph.D. degree in Materials Science from University of Bordeaux, France. He went to the United States in 1995 and worked at National Renewable Energy Laboratory in Denver. In 1996, he obtained a "green card" through the Outstanding Scientist Program. In 2002, he became a

United States citizen. Dr. Huang has showed me his United States passport, which evidences that he is a citizen of the United States. He has a home in the United States in San Francisco, California. He pays income taxes in the United States.

4. When he became a United States citizen, Dr. Huang lost his PRC citizenship by operation of law. Article 3 of "The People's Republic of China Nationality Law" provides: "the People's Republic of China does not recognize the Chinese citizens with dual nationality." Article 9 of the same statute states that: "[a] Chinese citizen who has settled abroad voluntarily or acquired foreign nationality automatically loses [his or her] Chinese nationality."

5. According to the Complaint in this matter, Defendant Advanced Batteries Technologies, Inc. ("ABAT") is a corporation organized and existing under the laws of the State of Delaware in the United States, with its principal United States office in New York City. Its stock is listed for trading in the United States on NASDAQ. Under PRC law, ABAT, despite having an office in the PRC and subsidiaries in the PRC, is a citizen of the United States. ABAT's papers refer to a production facility in China known as, 黑龙江中强能源有限公司 (Heilongjiang Zhongqing Power Technology Co., Ltd.) It, however, did not sign the Employment Agreement and, from a legal point of view, is not ABAT.

6. According to PRC law, "Company Name Registration Implementation Method," Article VIII provides: "In the Chinese territory, any legal business name should be used to meet the national standard of Chinese characters, not be used Chinese phonetic alphabet, Arabic numerals, and other languages." Advanced Battery Technologies, Inc. is

the use of English language. This company is clearly inconsistent with the provisions of Chinese law. It is not registered in China, and is not a Chinese corporation.

**A CHINESE COURT WOULD FIND THE EMPLOYMENT CONTRACT IS GOVERNED BY UNITED STATES LAW**

7. The two related agreements at issue in this litigation (the "Employment Agreement" and "Memorandum") are between two United States citizens (Dr. Huang and ABAT). Pursuant to the Employment Agreement, Dr. Huang and his designee were to receive shares of ABAT – shares traded on NASDAQ. ABAT was to pay Dr. Huang in United States Dollars. (His pay checks came from ABAT's New York City headquarters, as did the shares ABAT actually delivered to Dr. Huang and his designee.) There is no choice of law provision, nor is there a provision to the effect that Dr. Huang would work exclusively in the PRC. Consequently, under PRC law, the Employment Agreement is governed by, and to be interpreted pursuant to, United States law. The People's Republic of China Labor Disputes Handling Regulations Article II provide: "The regulations apply to disputes between enterprises within the territory of the People's Republic of China.and workers." In addition, Article XVII provide: "Counties, cities and municipal districts Arbitration Committee in charge of the labor dispute occurred in the administrative areas." That is to say, PRC Labor Disputes Handling Regulations are applied to the labor disputes between workers and companies registrated in China; the litigation location should be in the ADMINISTRATIVE AREA (cities or provinces) where the employer was registrated. As above-mentioned, ABAT is a United States enterprise registrated in Delaware, PRC Labor Disputes Handling Regulations are not applicable to Dr. Huang contract claim, but only United States law.

**A CHINESE COURT WOULD NOT**

ENFORCE THE EMPLOYMENT AGREEMENT

8. In addition, "The People's Republic of China Labor Contract Law" Article II of that statute provides: "Within the People's Republic of China's territory the enterprises, individual economic organizations, private non-enterprise units and other organizations (hereinafter referred to as employer) and the workers to establish labor relations, conclusion, performance, change, discharge or termination of labor contract applicable to this Law." Under PRC 's Labor Contract Law, the "Employer" must be a Chinese company, and the "employee" can be a Chinese or a foreigner. Only an employment contract between a Chinese company and a Chinese/foreign worker will have legal force in China. In our case, a Chinese court will find that the "Employment Contract" null and void because ABAT is a foreign corporation. Therefore, a Chinese Court will not accept Dr. Huang's contract claim.

THE DEATH THREATS
ARE GOVERNED BY UNITED STATES LAW

9. For the same reasons as those described above regarding Dr. Huang's contract claim, Dr. Huang's tort claims are governed by United States law. The mere fact that Dr. Huang was in the PRC when he received the threatening text messages is irrelevant. Dr. Huang and ABAT are both United States citizens. There is no telling where the text messages originated. United States law would apply.

10. In accordance with Article III of the PRC Civil Procedure Law provides that: People's Court accepts a civil action due to property and personal relationship between the citizens and corporate and other organizations as well as their mutual relations, applicable provisions of this Act. In our case, both Dr. Huang and ABAT are United States citizens, but not Chinese citizens. Dr. Huang's tort claim would not be in

accordance with the relevant laws in China. Dr. Huang as Plaintiff of the case had chosen United States Court as his litigation location, any Chinese court would not take over the case.

## CONCLUSION

11. For the foregoing reasons, ABAT's motion to dismiss should be denied.

Dated: January 21, 2010.

司启强

Qiqiang Si

Attorney at Law

Guangdong Jun Ru Law Firm

# Exhibit A

## Qiqiang SI

Attorney, Gongdong Junru Law Firm
+86 755 2775 4336

siqiqiang@126.com




### PRACTICE AREAS

Mr. Qiqiang Si specializes in Contract Law and Labor Law related dispute, arbitration and litigation

### REPRESENTATIVE MATTERS AND CASES IN CHINA

- Yangxin County, Hubei Province, represented Shangjie Construction Co. Ltd. against New County Oil Company in construction contract dispute case
- By Mr. Yin Shan and other four co-commissioned v. Yangxin County High School Labor Dispute
- Represented New County Jianye Construction Co. Ltd. versus Mr. Chen Xu Hong in payment disput of the projects
- City of Huangshi, Hubei Province, represented Everbright Electronics Co., Ltd.versus Jiangxi Province Public Security Bureau in the case of construction payment
- New County, Hubei Province, represented Xinguo Construction Co. Ltd. against Yangxin County Marble Plant in construction contract case
- Shenzhen, Guangdong Province, represented Mr. Chen Jingxiong against Baoan Hotel in labor arbitration case
- Shenzhen, Guangdong Province, represented Mr. Deng Hongliang against Shenzhe Decoration Co. Ltd. in work injury arbitration case

## Education

- University of Wuhan, Law Specialist Deploma
- University of Wuhan, Law Bachelor's degree

## Professional Qualification

- PRC legal professional qualification certificate No. B20074202220002
- PRC legal profession certificate number 19020911019173
- Admitted to practice in the PRC

## Professional Background

Law practice in China since 2001, previousely at Hubei Wenguang Law Firm, and now at Guangdong Junru Law Firm in Shenzhen.