UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SUI-YANG HUANG,                                 :
                                                :
                                  Plaintiff,  :
                                                :       09 CV 8297 (HB)
       - against -                            :
                                                :       OPINION &
ADVANCED BATTERY TECHNOLOGIES, INC.,            :       ORDER
                                                :
                                 Defendant. :
                                                :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:[1]**

    Plaintiff Sui-Yang Huang ("Plaintiff" or "Huang"), a United States citizen who resides primarily in China, brought a breach of contract and tort claim in this Court against Defendant Advanced Battery Technologies, Inc. ("Defendant" or "ABAT"), a Delaware corporation with a New York office and production facilities in China. In an Opinion and Order dated May 26, 2010 ("Opinion and Stipulation"), this Court recognized that ABAT stipulated to accept jurisdiction in China and granted ABAT's motion to dismiss for *forum non conveniens* on the condition that a Chinese forum accept jurisdiction. Familiarity with that Opinion is presumed. Huang now seeks reinstatement of his action here because the People's Court of the City of Shenzhen ("Shenzhen Court") dismissed the action he commenced there for lack of jurisdiction.

    The request for reinstatement raises the issue whether Huang made a good faith effort to have his case accepted by the Shenzhen Court, given that he did not inform the Shenzhen Court of this Court's Opinion and Stipulation in which ABAT agreed to jurisdiction in China.[2] Both parties were asked to provide this Court with Chinese law expert opinions on the issue of whether knowledge of the Opinion and Stipulation would have provided the Shenzhen Court with sufficient basis to exercise jurisdiction. For the reasons that follow, Huang's reinstatement request is **DENIED**.[3]

---

[1] Shunit Yaacobi, a 2011 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.
[2] Plaintiff does not dispute that he failed to provide the Shenzhen Court with a copy of the Opinion and Stipulation.
[3] Nothing in this opinion is intended to presuppose a decision by a Chinese court, but based on the expert affidavits submitted by the parties to this Court, it appears that no bar applies to Plaintiff bringing suit in Shenzhen, China.

1

## I.   DISCUSSION

### A.  Article 242 Provides for Jurisdiction by Consent in the Shenzhen Court

Had the Shenzhen Court been apprised of the Opinion and Stipulation it would likely not have dismissed the case for lack of jurisdiction.  Under Article 242 of Civil Procedure Law (P.R.C.)[4], parties to a contract action involving foreign elements may agree in writing to jurisdiction in a place with actual connections to the dispute, so long as the chosen court's exercise of jurisdiction does not contravene certain other jurisdictional provisions.  As discussed above, ABAT has already agreed to accept jurisdiction in China in the Opinion and Stipulation. *Huang v. Advanced Battery Tech. Inc.*, No. 09 Civ. 8297, slip op. at 6 (S.D.N.Y. May 26, 2010). It is undisputed that the underlying contract involves foreign elements, and Plaintiff claims a residence and works at least part time in Shenzhen.  As such, if Plaintiff had notified the Shenzhen Court of Defendant's stipulation, the court, pursuant to Article 242, would likely not have dismissed the case.

Plaintiff's assertion that jurisdiction by the Shenzhen Court contravenes Article 241 is unconvincing.  Plaintiff's expert claims that ABAT's stipulation to jurisdiction is irrelevant because Article 241 does not provide for jurisdiction over the Defendant.  However, Articles 241 and 242 provide alternative bases for jurisdiction; it makes no sense to suggest that if one is inapplicable the other is inapplicable too.  Even if Article 241 provides no jurisdiction here—a question this Opinion does not address—Article 242 does not require that an additional, independent basis for jurisdiction exist.  Plaintiff's expert fails to cite anything else in support of this assertion.  Therefore, it appears that this Court's Opinion and Stipulation would have provided the Shenzhen Court a sufficient basis for jurisdiction pursuant to Article 242.

Plaintiff's expert correctly states that ABAT did not have the opportunity to waive objections to jurisdiction under Article 243 because the Shenzhen Court never accepted jurisdiction in the first place.  However, had the court had knowledge of the Opinion and Stipulation it likely would have treated it as amounting to an Article 243 waiver of ABAT's jurisdictional defenses.

### B.  A Second Attempt to Establish Jurisdiction in China Will Not Prejudice Plaintiff

Either Plaintiff or Defendant may file for retrial with the Shenzhen Court.  Article 178 of Civil Procedure Law (P.R.C.) provides that if a party believes that a court erred in its initial

---

[4] *See* Civ. Pro. Law of the People's Rep. of China (promulgated by the Standing Comm. Nat'l People's Cong., Oct. 28, 2007, effective April 9, 1991), art. 24 *available in English at* http://www.lawinfochina.com/law/display.asp?id=6459&db=1 (last visited March 7, 2011).

2

ruling it may petition the court for a retrial. Defendant's expert asserts that notifying the Shenzhen Court of the Opinion and Stipulation would be sufficient to initiate re-adjudication procedures. *See* 1/20/2011 Aff. of Maolin Liu and Chaowu Yao, Chinese Law Experts for Advanced Battery Technologies, Inc. ¶ 3. Plaintiff's expert does not dispute this assertion, and it is reasonable to conclude that Plaintiff could successfully file for retrial on this basis.

In addition, no *res judicata*-type issue would bar jurisdiction by the Shenzhen Court. Defendant's expert explains that the *res judicata* principle in Chinese law only pertains to situations in which there has been a decision on the merits. Id. ¶ 7. In this case, the Shenzhen Court only made a decision on the procedural issue of jurisdiction, and therefore the Plaintiff's application for retrial would not conflict with the Chinese *res judicata* principle.

## II. CONCLUSION

As discussed above, it is reasonable to conclude that a Chinese court could exercise jurisdiction over this dispute. Given Plaintiff's failure to submit this Court's Opinion and Stipulation to the Shenzhen Court, it appears that he has not pursued his claims in China with any real diligence. For the foregoing reasons, Plaintiff's reinstatement request is **DENIED.**

**SO ORDERED**
**March 8 , 2011**
**New York, New York**

**Hon. Harold Baer, Jr.**
**U.S.D.J.**